# Providence Washington Insurance Company, Inc.

v.

# David Russell Gheen

Record No. 921775

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ.,
and Poff, Senior Justice

*R. Craig Jennings (Joseph D. Roberts; Michael L. Davis; Slenker, Brandt, Jennings & Johnston,* on briefs), for appellant.
*Peter D. Greenspun (Gary Moliken,* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we determine whether a contingent and excess liability insurance policy issued to a lessor of motor vehicles provides coverage for injuries sustained in an accident caused by a leased vehicle driven by an employee of the lessee.

The facts are not in dispute. Salomon Vasquez was an employee of John Paul Alvarez, d/b/a American Cleaning Service, Inc. (Alvarez). On January 21, 1988, Vasquez was involved in an automobile accident that resulted in severe and permanent injuries to David Russell Gheen. Vasquez was driving a Ford van leased by Alvarez from Bush & Cook Leasing, Inc. (Bush & Cook) under a 61-month lease. In accordance with the requirements of the lease, the van was insured under an automobile liability policy issued by State Farm Mutual Automobile Insurance Company (State Farm) to Alvarez, naming Alvarez and Bush & Cook as insureds.

Gheen filed a motion for judgment against Vasquez seeking damages for the injuries he sustained. Gheen also filed a declaratory judgment action to determine the coverage available under the State Farm policy and under a Contingent and Excess Liability Insurance Policy

issued to Bush & Cook by Providence Washington Insurance Company (Providence).[1] State Farm agreed that its policy provided coverage for Gheen's injuries caused by Vasquez.[2] Providence denied that its policy provided coverage for Gheen's injuries.

Gheen and Providence each filed motions for summary judgment. The trial court granted Gheen's motion and entered a final order declaring that the insurance afforded under the Contingent and Excess Liability Insurance Policy issued by Providence to Bush & Cook provided coverage for Gheen's benefit. We awarded Providence an appeal.

Resolution of this case requires construction of the provisions of the Providence policy. The policy has two parts. The first, "Coverage A, Leased Automobiles, Contingent Liability Coverage," applies when Bush & Cook is liable for bodily injury or property damage caused by a leased automobile. This coverage is not available, however, if the underlying insurance required by the lease contract was available to Bush & Cook, as in this case.

Gheen seeks coverage under the second part of the policy, "Coverage B, Leased Automobiles, Excess Liability Coverage." Providence asserts that this portion of the policy was intended to provide coverage only to Bush & Cook, and only in those instances where there is a judgment against Bush & Cook directly either as a result of its negligence as lessor of a vehicle or because the accident occurred in a jurisdiction which allows a direct action against the owner of the vehicle involved in the accident. This restrictive coverage, Providence maintains, exists because (1) the policy refers to "you" throughout; (2) "you" is defined as the named insured in the policy declarations; and (3) only Bush & Cook is identified as the named insured in the policy declarations.

Providence's construction of the policy ignores language that appears throughout the provisions applicable to Coverage B. That language requires incorporation of the terms and conditions of the policy required by long-term leases between Bush & Cook and its lessees in determining coverage under Coverage B. This language appears initially on the declaration page:

---

[1] The declaratory judgment action also included two policies issued to Bush & Cook by Cincinnati Insurance Company. One policy contained a Garage Endorsement covering Bush & Cook's owned vehicles and the other was a commercial umbrella policy covering Bush & Cook's business operation and owned vehicles. Gheen conceded that neither applied in this case.

[2] Pursuant to its policy, State Farm paid Gheen $500,000, the policy limits, in partial satisfaction of the $1.5 million judgment ultimately received by Gheen.

**Coverage b) Excess Liability:** $1,000,000 each accident, excess liability, *following terms, conditions and exclusions of Underlying Insurance,* as described in Item 3. This coverage is excess over any valid collectible Underlying Insurance. (Italics added.)

This same incorporation of terms and conditions is expressed twice more using similar words in the portion of the policy under which Gheen asserts coverage:

### Coverage B - Leased Automobiles

### Excess Liability Coverage

### PART 1 - INSURING AGREEMENT

. . . .

**We** will indemnify **You** for such *losses arising from accidents as would have been covered under all of the terms of the underlying policy* described in Item 3 of the Policy Declarations (herein called underlying insurance) . . . (Italics added.)

### PART 2 - COVERAGE B - CONDITIONS

. . . .

### C. APPLICATION OF UNDERLYING INSURANCE

Except as otherwise stated herein and except with respect to (1) any obligation to investigate or defend any claim or suit, or (2) any obligation to renew, the insurance afforded by this coverage *shall conform to the underlying insurance;* provided, insurance afforded by this coverage for injury to or destruction of property, including the loss of use of such property, shall only apply to tangible property. (Italics added.)

This language is not ambiguous. The plain meaning of the words is that the coverage provisions of the underlying insurance policy, here the State Farm policy, are to be applied in determining coverage under the Excess Liability Coverage, Coverage B of the Providence policy. Consequently, those insureds receiving coverage under the terms of

the State Farm policy are considered insureds for purposes of Coverage B of the Providence policy. In this case, the State Farm policy provides coverage for Vasquez and, therefore, Coverage B of the Providence policy also provides coverage for Vasquez.

■ Providence can, and in some instances does, place restrictions on the application of the underlying policy terms, thereby limiting coverage under its policy. The restrictions as to *losses covered* by Coverage B are set out in Part 2, Subsection C, above. Those relate solely to property damage, however; no other losses are excluded from coverage. The losses suffered by Gheen which were covered by the State Farm policy resulted from physical injury, not property damage, and, therefore, are not within these coverage restrictions.

■ There are no provisions limiting or eliminating *any insured* as defined in the underlying policy from coverage under Coverage B of the Providence policy. Providence did provide a specific limitation as to who would be an insured under Coverage A. Notwithstanding the general definition of "you" as Bush & Cook, Providence included additional language in Coverage A which specifically states that *only* Bush & Cook is the insured for the purposes of that coverage. No similar limiting or restrictive language appears in Coverage B.

Both parties assert that the Providence policy is unambiguous. We agree, and, based on our review of the plain language of the policy, we conclude that it provides excess liability coverage for Gheen's losses. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*